*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Guardianship of ZACHARY HARLEY
DAVIDSON IMBIROWICZ.

---

WENDY SANDRA DAVIDSON, Guardian of
ZACHARY HARLEY DAVIDSON IMBIROWICZ,
a legally protected person,

        Petitioner-Appellee,

v

DAVID IMBIROWICZ,

        Appellant.

UNPUBLISHED
May 19, 2022

No. 358257
Eaton Probate Court
LC No. 21-056950-DD

---

Before: MURRAY, P.J., and SAWYER and M. J. KELLY, JJ.

PER CURIAM.

Appellant, David Imbirowicz, appeals as of right the trial court order appointing petitioner, Wendy Davidson, as the partial guardian for Zachary Imbirowicz, a legally protected person. For the reasons stated in this opinion, we reverse and remand for further proceedings consistent with this opinion.

## I. BASIC FACTS

This case arises from a petition for guardianship of Zachary, a 19-year-old man who has a genetic condition that has caused some developmental and cognitive delays. The initial petition was filed by Davidson, who is Zachary's mother. Imbirowicz, who is Zachary's father, disagreed that a guardianship was necessary, but filed a competing petition to be appointed as Zachary's guardian if a guardianship were ordered. Zachary, through his lawyer, objected to the appointment of a guardian. Following the hearing on the competing petitions, the probate court found that a partial guardianship was necessary and appointed Davidson as the partial guardian. This appeal follows.

-1-

## II. APPOINTMENT OF A GUARDIAN

### A. STANDARD OF REVIEW

Imbirowicz argues that the trial court erred by appointing Davidson as Zachary's partial guardian. We review "for an abuse of discretion a probate court's dispositional rulings and reviews for clear error the factual findings underlying a probate court's decision." *In re Bibi Guardianship*, 315 Mich App 323, 328; 890 NW2d 387 (2016). An abuse of discretion occurs when the probate court "chooses an outcome outside the range of reasonable and principled outcomes." *Id*. at 329 (quotation marks and citation omitted). A finding of fact "is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id*. (quotation marks and citation omitted).

### B. ANALYSIS

Imbirowicz first argues that the probate court abused its discretion by failing to give "due consideration" to the preference of Zachary as to whom should be his guardian in the event that a guardian was appointed. MCL 330.1628 provides that:

> (1) The court may appoint as guardian of an individual with a developmental disability any suitable individual . . . .

> (2) Before the appointment, the court shall make a reasonable effort to question the individual concerning his or her preference regarding the person to be appointed guardian, and *any preference indicated shall be given due consideration*. [Emphasis added.]

The phrase "due consideration" is not defined by the statute. However, *Black's Law Dictionary* defines "due consideration" as "[t]he degree of attention properly paid to something, as the circumstances merit." *Black's Law Dictionary* (11th ed). Here, the court found that Davidson should be appointed as Zachary's guardian. In doing so, the court considered Zachary's testimony that he preferred Imbirowicz be appointed his guardian. In evaluating that preference, the court noted that Zachary was 19 years of age and that, under different circumstances, he would be able to decide "who he wants to be his guardian." The court understood that Zachary was capable of making many choices, including "his day to day decisions on dress and activities and some travel and getting on the ATV and going for a ride." In that regard, therefore, the court did not discount Zachary's capacity to express a preference.

Instead, the basis for the court's decision to appointment Davidson despite Zachary's stated preference was based on Imbirowicz's testimony that he did not believe that Zachary needed a guardian. In light of that testimony, the court found that Imbirowicz was not as suitable a guardian as Davidson. The court also recognized that there were issues "as far as going back and forth between [Davidson] and [Imbirowicz] in the past, um, on [Imbirowicz's] end[.]" Finally, the court found that Zachary's need "for continued training" had been successfully addressed by Davidson, which also weighed in favor of appointing her as his guardian rather than Imbirowicz. Viewed as a whole, then, the court gave due consideration to Zachary's preference, but concluded that under

the specific circumstances of the case it was nevertheless more appropriate to appoint Davidson. No error occurred under MCL 330.1628(2).

Next, Imbirowicz argues that the court's order was improperly broad and in violation of MCL 330.1620. Under MCL 330.1620(1), the trial court must "define the powers and duties of the partial guardian so as to permit the individual with a developmental disability to care for himself or herself and his or her property commensurate with his or her ability to do so, and shall specify all legal disabilities to which the individual is subject." Here, the court order appointing a partial guardian states in paragraph 7:

> The individual named above is partially without capacity to care for his/her person [and] estate as to the following necessary tasks, responsibilities, or judgments but is otherwise legally competent and has the capacity to perform in other areas. CONSENT TO NECESSARY MEDICAL TREATMENT. MAKE LEGAL, CONTRACTUAL AND FINANCIAL DECISIONS. ARRANGE AND CONSENT TO LIVING, TRAVEL AND TRANSPORTATION. MAKE DECISIONS ON DAILY DRESS[,] PROGRAMMING AND ACTIVITIES.

Imbirowicz correctly notes that, under this portion of the court order, the court found that Zachary was without capacity to make decisions on his daily dress, programming, and activities. There was no basis in the record to support that finding.

However, it is apparent to this Court that the part of the order stating that Zachary lacked capacity to make decisions regarding his daily dress, programing, and activities was a typographical error. First, in its statements on the record, the trial court expressly found that Zachary could make such decisions himself. Second, in a supplemental order signed by the court on the same day, the court ordered that Zachary shall retain the right to "[m]ake decisions on daily dress and daily programs and activities . . . ." In light of the above, it is clear that the challenged language is a typographical error, not a judicial finding that Zachary lacks the capacity to make decisions regarding his daily dress, programing, and activities.[1]

Imbirowicz also argues that the trial court abused its discretion by appointing Davidson Zachary's partial guardian because the testimony from the psychologist, the psychologist's report, and the probate court's findings of fact were deficient under MCL 330.1612 and MCL 330.1618. We address each statute in turn.

MCL 330.1612 provides in relevant part:

> (1) The petition for the appointment of a guardian for an individual who has a developmental disability shall be accompanied by a report that contains all of the following:

---

[1] Although remand for the ministerial task of correcting this typographical error would be warranted, it is unnecessary in this case because, as explained below, the probate court abused its discretion by failing to make the findings required by MCL 330.1618.

* * *

(d) A recommendation as to the most appropriate rehabilitation plan and living arrangement for the individual and the reasons for the recommendation.

* * *

(3) If a report does not accompany the petition, the court shall order appropriate evaluations to be performed by qualified individuals . . . . The report shall be prepared and filed with the court not less than 10 days before the hearing.

Here, the psychologist report was prepared at the direction of the probate court. See MCL 330.1612(3). However, although the report prepared indicated that it was recommended that Zachary "[c]ontinue to live with his mother," the reasons for the recommendation were not stated. The statutory requirement stated in MCL 330.1612(1)(d) was, therefore, not met in this case.[2]

Next, MCL 330.1618 provides:

(1) The court, at a hearing convened under this chapter for the appointment of a guardian, shall do all of the following:

* * *

(e) Determine the appropriateness of the proposed living arrangements of the respondent and determine whether or not it is the least restrictive setting suited to the respondent's condition.

* * *

(2) The court shall make findings of fact on the record regarding the matters specified in subsection (1).

Here, contrary to the requirement stated in MCL 330.1618(1)(e) and (2), the probate court did not make findings of fact on the record regarding the appropriateness of either of the proposed living arrangements for Zachary. The court's failure to make the findings required by MCL 330.1618 constituted an abuse of discretion. Therefore, we reverse and remand for further proceedings. On remand, the probate court must make the findings required by MCL 330.1618. Moreover, a

---

[2] Imbirowicz also contends that the psychologist was not qualified under MCL 330.1612(1)(e). Under MCL 330.1612(1)(e), "[o]ne of the individuals [who performed an evaluation] shall be a physician or psychologist who, by training or experience, is competent in evaluating individuals with developmental disabilities." Imbirowicz asserts that the psychologist did not have any special qualifications or certifications in the field of guardianship evaluations; however, MCL 330.1612(1)(e) does not require special qualifications or certifications in the field of guardianship evaluations. Therefore, his argument is without merit.

-4-

supplemental report must be filed complying with the requirements stated in MCL 330.1612.  In enacting the statutes, the legislature made those provisions mandatory, not optional.

Reversed and remanded for further findings consistent with this opinion.  We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Michael J. Kelly